IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **TERERSA MAGUIRE** <br> *Plaintiff* <br><br> V. <br><br> **WEINRITTER REALTY, LP.** <br> **d/b/a NORTH HILL** <br> *Defendant* | § § § § § § § § § | CIVIL ACTION NO <br> 5:23-cv-00394-OLG |

## ORIGINAL ANSWER OF WEINRITTER REALTY, LLC.

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendant, Weinritter Realty, LP, files this its response to the Amended Complaint (the Complaint) filed by the Plaintiff, Teresa Maguire. By way of answer to the Complaint, the Defendant shows the following.

**1.0. ADMISSIONS & DENIALS.**

1.1. The Defendant can neither admit nor deny the purpose of the filing as set out in the introductory paragraph and denies the jurisdictional allegations in paragraph one.

1.2. The Defendant can neither admit nor deny the personal facts set out in paragraphs three, four, five and six.

1.3. The Defendant denies it does business as North Hill or that North Hill is an

entity that can be served with process as alleged in paragraph seven.

1.4.   The Defendant can neither admit nor deny the allegations in paragraph nine.

1.5.   The Defendant denies that "Wing Big Bib BBQ" is a lessee of the premises known as Big Bib Barbeque, located at 2020 Austin Highway, San Antonio, Texas (the BBQ House) but admits that it is the owner of 2020 Austin Highway, San Antonio, Texas where the BBQ House is located. The Defendant denies that "Jimenez" is the owner or co-owner of the BBQ House as alleged in paragraphs nine and ten of the Complaint.

1.6.   The Defendant cannot admit or deny where the Plaintiff lives as alleged in paragraph twelve of the Complaint.

1.7.   The Defendant denies the allegations of paragraph thirteen.

1.8.   The Defendant can neither admit nor deny the allegations in paragraphs fourteen, fifteen, and sixteen of the Complaint.

1.10   Paragraphs seventeen through twenty, twenty-four, and twenty-five are self-serving statements of the law and need no admission or denial. The Defendant can neither admit nor deny paragraphs twenty-eight and twenty-nine of the Complaint.

1.11.   The Defendant admits the allegations in paragraphs twenty-two and twenty-three of the Complaint.

1.12.   The Defendant denies the allegations made in paragraphs twenty-six and twenty-seven, and thirty-one through forty-five of the Complaint.

1.13. The Defendant cannot admit or deny most of the allegations of the Prayer of the Complaint but denies that the Plaintiff is entitled to the relief she requests two non-parties to this lawsuit, "Redondo Place" and "Big Bib BBQ."

## 2.0. AFFIRMATIVE DEFENSES.

2.1. The Defendant hereby raises the affirmative defense that the Plaintiff lacks standing to assert her claims under the Americans with Disabilities Act ("ADA").

2.2. The Defendant hereby raises the affirmative defense that the Defendant is only required to remove barriers that are readily achievable. 42 U.S.C. § 12183(a)(2) and §12182(b)(2)(A)(iv).

2.3. The Defendant raises the affirmative defense of mootness.

2.4. The Defendant raises the affirmative defense that Plaintiff has not pled a cause of action upon which relief may be granted. The Plaintiff does not allege that any other of the places mentioned in the Complaint, other than 2020 Austin Highway, are subject to the ADA or that she suffered anything other than hypothetical harm.

2.5. As a result of the Plaintiff's lack of standing, this Court lacks subject matter jurisdiction.

## 3.0. JURY DEMAND.

3.1. The Defendant requests trial by a jury.

Respectfully submitted,



Attorney for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record on February 7, 2023 in accordance with the Federal Rules of Civil Procedure.

_____
PETER J. STANTON